**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1763**

BARBARA SOPKIN, General Partner for Interlase Limited Partnership,

Plaintiff – Appellant,

v.

JILL C. MENDELSON, Executor of Estate of Richard S. Mendelson; RICHARD
S. MENDELSON TRUST; LAND, CARROLL & BLAIR, P.C., f/k/a Land Clark
Carroll Mendelson Blair P.C.,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Anthony John Trenga, District Judge.  (1:19-cv-00058-AJT-MSN)

Submitted:  November 2, 2020                    Decided:  May 13, 2021

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John S. Lopatto III, Washington, D.C., for Appellant.  Robert E. Draim, HUDGINS LAW
FIRM, P.C., Alexandria, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from plaintiff Barbara Sopkin's second failed attempt to sue defendants in the Eastern District of Virginia for the alleged mishandling of Interlase Limited Partnership's intellectual property.[*] In the original proceedings, the district court dismissed Sopkin's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *See Sopkin v. Mendelson*, No. 1:16-cv-01146 (E.D. Va. Apr. 27, 2017), ECF Nos. 130 & 131. We then affirmed the court's dismissal of the Complaint, albeit under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing. *See Sopkin v. Mendelson*, No. 17-1626 (4th Cir. July 23, 2018), ECF No. 77. In so ruling, we rejected Sopkin's theories that she possessed standing and derivative standing as an assignee of others' general and limited partnership interests in Interlase.

Following our decision, Sopkin initiated the present proceedings and asserted a new theory of standing, i.e., that she has standing as a 2014-elected general partner of Interlase. The district court rejected that standing theory, however, on two grounds. First, the court recognized that the theory could have been raised in the original proceedings and therefore is barred by the doctrine of res judicata. *See, e.g.*, *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) ("Res judicata . . . bars a party from relitigating a claim that was decided or could have been decided in an original suit."). Second, the court

---

[*] The defendants in the present proceedings — Jill C. Mendelson, the Richard S. Mendelson Trust, and Land, Carroll & Blair, P.C. — were among the defendants in the original proceedings.

determined that the theory is non-meritorious and insufficiently alleged. The court thus dismissed Sopkin's Complaint under Rule 12(b)(1) for lack of standing. *See Sopkin v. Mendelson*, No. 1:19-cv-00058 (E.D. Va. May 2, 2019), ECF No. 29. Thereafter, the court twice denied Sopkin's requests for reconsideration of the dismissal pursuant to Federal Rule of Civil Procedure 59(e) and for leave to amend her Complaint under Federal Rule of Civil Procedure 15(a)(2). *See Sopkin v. Mendelson*, No. 1:19-cv-00058 (E.D. Va. June 19, 2019), ECF No. 45; *Sopkin v. Mendelson*, No. 1:19-cv-00058 (E.D. Va. July 16, 2019), ECF No. 54.

Sopkin timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291. On appeal, Sopkin challenges the dismissal of her Complaint for lack of standing and the denial of leave to file her proposed Second Amended Complaint.

We review de novo the district court's dismissal for lack of standing. *See Deal v. Mercer Cnty. Bd. of Educ.*, 911 F.3d 183, 187 (4th Cir. 2018). Generally, we review for abuse of discretion a court's denial of leave to amend a pleading. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). But because the court here denied leave on grounds of futility, we employ the de novo standard applicable to our review of a motion to dismiss. *See United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014). Having thoroughly examined the record of these proceedings and carefully considered the various arguments made by the parties in their appellate briefs, we are satisfied to affirm the Rule 12(b)(1) dismissal of Sopkin's Complaint and the Rule 15(a)(2) denial of leave to file her proposed Second Amended Complaint.

*AFFIRMED*

3